

# THE ATTORNEY GENERAL
## OF TEXAS

March 13, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Erwin Barton  
Chairman  
Human Services Committee  
Texas House of Representatives  
P. O. Box 2910  
Austin, Texas   78769

Opinion No. JM-644

Re: Municipal regulation of the towing industry

Dear Representative Barton:

You ask several questions about municipal regulation of intra-city towing. You have provided us with a copy of an article from the Tow Times as background.

Your first question is whether the city of Pasadena may regulate intra-city towing. Pasadena is a home-rule city. Home-rule cities have authority to do anything the legislature could authorize them to do. Accordingly, home-rule cities look to the legislature not for grants of power but for limitations on their powers. City of Corpus Christi v. Continental Bus Systems, Inc., 445 S.W.2d 12 (Tex. Civ. App. - Austin 1969), writ ref'd n.r.e., 453 S.W.2d 470 (Tex. 1970). A city ordinance may not, however, conflict with state law. City of Brookside Village v. Comeau, 633 S.W.2d 790, 796 (Tex. 1982), cert. denied, 459 U.S. 1087 (1982). Also, regulation in a particular area is preempted by state legislation if it appears that the legislature intended for state statutes to occupy the entire field. See generally Attorney General Opinion Nos. JM-619 (1987); JM-226 (1984); H-1071 (1977).

Several state statutes affect the towing industry. See V.T.C.S. art. 6701d, §§20B (defining "tow-away operation"); 106 (limitations as to trailers and towing); 134A (mirrors); art. 6701g-1 (removal of unauthorized vehicles parked in fire lanes); art. 6701g-2 (removal of unauthorized vehicles from parking facilities or public highways). Nothing in those statutes indicates that the legislature intended to occupy the entire field of regulation of towing. Both articles 6701g-1 and 6701g-2 regulate only towing without the consent of the owner of the vehicle being towed. The other statutes cited above are traffic regulations, and local authorities have express authority to adopt additional traffic regulations not in conflict with article 6701d. V.T.C.S. art. 6701d, §26. Therefore, we cannot say that the statutes cited above preclude home-rule cities from regulating intra-city towing. As indicated, however, city regulations cannot conflict with state law. See Attorney General Opinion H-1071 (local

ordinance that is stricter than general statute is not inconsistent with state statute).

Your second question is whether the Railroad Commission has authority to set rates for a towing charge. Rules promulgated by an administrative agency must be within the statutory powers granted to the agency and may not impose restrictions in excess of or inconsistent with statutory provisions. Bexar County Bail Bond Board v. Deckard, 604 S.W.2d 214, 216 (Tex. Civ. App. - San Antonio 1980, no writ). The Railroad Commission has no express authority to regulate the towing industry. See generally V.T.C.S. art. 6445 (power of Railroad Commission); Nat. Res. Code §81.051 (jurisdiction of Railroad Commission); Nat. Res. Code §§111.001 through 113.236 (Railroad Commission regulation of specific businesses and occupations). See also Tex. Const. art. X, §2, Interpretive Commentary (expansion of Railroad Commission's duties). See generally Attorney General Opinion JM-465 (1986) (agency must have express authority to set a wage scale). Therefore, the Railroad Commission has no authority to set towing rates.

Your third question is whether a city may set towing rates. As we said previously, we do not think that state law preempts cities from regulating intra-city towing. We do caution, however, that although no damages may be recovered against cities under federal antitrust laws, a city's regulatory activity may be enjoined if it violates those laws. See 15 U.S.C. §35(a) (Supp. II 1984); see also Hovenkamp & Mackerron, Municipal Regulation and Federal Antitrust Policy, 32 UCLA L. Rev. 719 (1985).

Your fourth question is whether a city ordinance is considered to be a contract between the city and Emergency Wrecker Permit holders. You do not ask about any particular city ordinance, nor do you explain what an Emergency Wrecker Permit is. A city ordinance is not usually considered to be a contract. Presumably you are asking whether a city ordinance creates rights and obligations on the part of the city and on the part of persons affected by the ordinance. That question can only be addressed in the context of a particular ordinance, and even then such a question would likely involve fact questions, which we cannot address in the opinion process.

                    S U M M A R Y

        A home-rule city may regulate intra-city towing,
        but municipal regulations must not conflict with
        state law or violate federal antitrust laws.

                              Very truly yours,

                              *[signature: Jim Mattox]*

                              J I M   M A T T O X
                              Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General